Loren S. Scott, OSB #024502
lscott@scott-law-group.com
THE SCOTT LAW GROUP
PO Box 70422
Springfield, OR 97475
Telephone: (541) 868-8005
Facsimile: (541) 868-8004

and

Louis F. Teran, CASB #249494 (*pro hac vice application forthcoming*)
lteran@slclg.com
SLC LAW GROUP
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Telephone: (818) 484-3217 x200
Facsimile: (866) 665-8877

Attorneys for Plaintiff
Mike's Novelties, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## DIVISION OF EUGENE

|  |  |
|---|---|
| MIKE'S NOVELTIES, INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>EYCE, LLC, a Colorado company,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1) **DECLARATION OF NON-INFRINGEMENT OF PATENT;**<br><br>2) **DECLARATION OF PATENT INVALIDITY; AND**<br><br>3) **DECLARATION OF NON-INFRINGEMENT OF TRADE DRESS**<br><br>**DEMAND FOR JURY TRIAL** |

1

**PRELIMINARY STATEMENT**

1.      Plaintiff Mike's Novelties, Inc., dba Mike's Worldwide Imports, (hereinafter "MWI"), brings this action against Defendant Eyce, LLC (hereinafter "Eyce") for declaratory judgment of (1) non-infringement of patents; (2) invalidity of patents; and (3) non-infringement of trade dress, pursuant the Declaratory Judgment Act, 28 U.S.C. §§2201-02, the America Invents Act, and the Lanham Act of the United States, and for such other relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

2.      The Court has subject matter jurisdiction of the claims of this Complaint pursuant to 28 U.S.C. §§1331, 1338(a), 2201, and 2202, the America Invents Act, and the Lanham Act of the United States.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

4.      Defendant purports to be the owner of rights in trade dress and design patent related to different smoking apparatus as disclosed in U.S. Patent Nos. D825,101; D872,357; D879,372; and D844,227.  Attached hereto as **Exhibits A-D**, and incorporated herein by reference, is a true and correct copy of each of Defendant's design patents. Through a series of verbal and written communications dating back to June 4, 2020, Defendant has asserted that their trade dress and design patents are infringed by MWI. Defendant has threatened to sue MWI for infringement of the design patents and related trade dress on numerous occasions since June 4, 2020, the latest being a written communication on August 4, 2020.  MWI has not infringed and does not infringe, either directly or indirectly, any valid and enforceable trade dress or design patent.  A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

5.      This Court has personal jurisdiction over Defendant.  First, Defendant's principal place of business is located within this Judicial District.  Second, at least two (2) of Defendant's officers reside within this Judicial District.  Third, Defendant has engaged in various acts in and directed to this Judicial District.  Fourth, Defendant has advertised,

1    offered for sale, and sold products in this Judicial District.

2                              **THE PARTIES**

3          6.    Plaintiff MWI resides in Houston, Texas.  MWI designs and sells products

4    into the smoking products and novelties industry.

5          7.    Upon information and belief, Defendant is and at all times mentioned herein

6    was, a company organized and existing under the laws of the state of Colorado, having a

7    principal place of business in Bend, Oregon.  Defendant designs, manufactures, and sells

8    products into the smoking products industry.

9                         **FACTUAL BACKGROUND**

10         8.    Defendant purports to be the owner of U.S. Design Patent No. D825,101

11   and a corresponding unregistered trade dress.  A true and correct copy of the design patent

12   is attached hereto as **Exhibit A**.

13         9.    Defendant purports to be the owner of U.S. Design Patent No. D872,357

14   and a corresponding unregistered trade dress.  A true and correct copy of the design patent

15   is attached hereto as **Exhibit B**.

16         10.   Defendant purports to be the owner of U.S. Design Patent No. D879,372

17   and a corresponding unregistered trade dress.  A true and correct copy of the design patent

18   is attached hereto as **Exhibit C**.

19         11.   Defendant purports to be the owner of U.S. Design Patent No. D844,227

20   and a corresponding unregistered trade dress.  A true and correct copy of the design patent

21   is attached hereto as **Exhibit D**.

22         12.   Plaintiff has sold various products which Defendant claims infringe at least

23   one of the above-referenced design patents and trade dress.

24         13.   On June 4, 2020, Defendant, through its counsel, sent MWI a cease and

25   desist notice pertaining to MWI's products and Defendant's design patents and trade

26   dress.  Attached hereto as **Exhibit E** is a true and correct copy of said cease and desist

27   notice.

28         14.   Defendant's cease and desist notice demands that MWI cease selling the

     related products, identify its suppliers of the products, and "compensate [Defendant] for

                                          3

past infringement sales".

15. Subsequent to the cease and desist notice, counsel for the parties conferred on the matter telephonically but were unsuccessful at resolving the dispute between the parties.

16. Then on August 4, 2020, Defendant, through its counsel, sent MWI a demand letter demanding $400,000 to settle this dispute otherwise Defendant indicates that it would seek judicial intervention for damages and attorneys' fees. Attached hereto as **Exhibit F** is a true and correct copy of said demand letter.

17. In the demand letter, Defendant erroneously asserts that MWI "acknowledged fault" and "agreed to redesign certain products". In addition, Defendant makes clear that it is "prepared to seek judicial intervention unless MWI provides the requested information and compensates" Defendant with $400,000.

18. In fact, MWI has sold and continues to sell some of the accused products without any plans to redesign them as they do not infringe any valid enforceable patent.

19. Without a declaratory judgment of non-infringement and/or invalidity of the design patents, MWI is forced to continue to operate its business with a cloud of a lawsuit over its head unless MWI complies with Defendant's $400,000 demand.

## FIRST CAUSE OF ACTION

### Declaration of Non-Infringement of Design Patents

20. MWI repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 19.

21. MWI has not infringed and does not infringe, directly or indirectly, any of the following design patents: Design Pat. No. D825,101; Design Pat. No. D872,357; Design Pat. No. D879,372; and Design Pat. No. D844,227.

22. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

23. A judicial declaration is necessary and appropriate so that MWI may ascertain its rights regarding Defendant's purported design patents.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION

### Declaration that the Design Patents are Invalid

24.    MWI repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 23.

25.    MWI has not infringed and does not infringe, directly or indirectly, any of the following design patents because the design patents are invalid:  Design Pat. No. D825,101; Design Pat. No. D872,357; Design Pat. No. D879,372; and Design Pat. No. D844,227.  In particular, the design patents are anticipated by prior art; cover a design that is primarily functional and not protected by design patents; cover a design that is not novel or nonobvious; violate the one-year time bar; and/or are indefinite.

26.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

27.    A judicial declaration is necessary and appropriate so that MWI may ascertain its rights regarding Defendant's purported design patents.

## THIRD CAUSE OF ACTION

### Declaration of Non-Infringement of Trade Dress

28.    MWI repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 27.

29.    MWI has not infringed and does not infringe, directly or indirectly, any valid or enforceable trade dress related to the following design patents:  Design Pat. No. D825,101; Design Pat. No. D872,357; Design Pat. No. D879,372; and Design Pat. No. D844,227.

30.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

31.    A judicial declaration is necessary and appropriate so that MWI may ascertain its rights regarding Defendant's purported trade dresses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MWI prays that this Court grant relief as follows:

1.      For judgment declaring that MWI has not infringed, directly or indirectly, any valid and enforceable design patent owned by Defendant;

2.      For judgment declaring that Defendant's design patents are invalid;

3.      For a judgment declaring that MWI has not infringed, directly or indirectly, any valid and enforceable trade dress owned by Defendant;

4.      For an order declaring that MWI is a prevailing party and that this is an exceptional case; awarding MWI its costs, expenses, disbursements, and reasonable attorney's fees;

5.      For an order that Defendant pay all costs associated with this action; and

6.      For an award of any other relief as the Court deems just and proper.


DATED:  October 12, 2020

                                        SCOTT LAW GROUP, LLP

                            By:     */s/ Loren S. Scott*
                                        Loren S. Scott, OSB# 024502
                                        Of Attorneys for Plaintiff Mike's Novelties, Inc.

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands trial by jury as provided by Rule 38(a) of the Federal

3 Rules of Civil Procedure.

4

5  DATED:  October 12, 2020

6             SCOTT LAW GROUP, LLP

7         By: */s/ Loren S. Scott*

8            Loren S. Scott, OSB# 024502
             Of Attorneys for Plaintiff Mike's Novelties, Inc.

9

10           SLC LAW GROUP

11

12        By: */s/ Louis F. Teran*
            Louis F. Teran, CASB #249494

13           (*Pro Hac Vice Admission to be requested*)
           Of Attorneys for Plaintiff Mike's Novelties, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28