KLAUS H. HAMM (OSB 091730)
KLAUS.HAMM@KLARQUIST.COM
Klarquist Sparkman, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Tel.: (503) 473-0865
Fax: (503) 595-5301

CASE COLLARD (CO 245834), *Admitted Pro Hac Vice*
COLLARD.CASE@DORSEY.COM
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Tel.: (303) 352-1116
Fax: (303) 629-3450

*Attorneys for Defendant Eyce, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**DIVISION OF EUGENE**

| | |
|---|---|
| MIKE'S NOVELTIES, INC., a Texas corporation, | Civ. No. 6:20-cv-01754-MC |
| Plaintiff, | |
| v. | JOINT RULE 26(f) REPORT AND DISCOVERY PLAN |
| EYCE, LLC, a Colorado company, | |
| Defendant. | |

Defendant and Counter-Plaintiff Eyce, LLC ("Eyce" or "Defendant") and Plaintiff and Counter-Defendant Mike's Novelties, Inc., dba Mike's Worldwide Imports ("MWI" or "Plaintiff") by and through their attorneys of record, present this Joint Fed. R. Civ. P. 26(f) Report and Discovery Plan.

**I.      Brief Synopsis of the Case**

This case involves claims that MWI has infringed four of Eyce's patents, U.S. Design Patent Nos. D825,101, D872,357, D879,372, and D844,227 ("Eyce's Design Patents"), and the distinctive trade dress embodied in Eyce's products ("Eyce's Trade Dress"). Eyce alleges that MWI has made, used, offered for sale, sold, promoted, distributed, and/or imported into the United States smoking products and novelties, including those having designs that are, in the eye of the ordinary observer, substantially the same as the designs covered by Eyce's Design Patents and confusingly similar to Eyce's Trade Dress. Eyce alleges that MWI was aware of Eyce's authentic products at the time of infringement and that MWI has been marketing and selling its accused products as cheaper alternatives to Eyce's authentic products.

MWI denies the allegations and brought this case as a declaratory judgment action on Eyce's claims of design patents and trade dress infringement. MWI alleges that Eyce's Design Patents and trade dresses are invalid because they do not claim any protectable ornamental features, because they are anticipated by prior art, because they are invalid pursuant the 12-month on-sale bar, and because the patents fail to name all inventors. In addition, if Eyce's Design Patents are valid, MWI alleges that Eyce's Design Patents must be narrowly construed to exclude functional features since the patents cover smoking pipes that are inherently utilitarian. Eyce counterclaimed with affirmative versions of its claims and to seek damages based on MWI's willful infringement.

**II.     Discovery Plan**

   **A.     Initial Disclosures**

The parties to agree to serve Rule 26(a) initial disclosures on or before January 25, 2021.

B.      **Subject Matter of Discovery**

**Eyce:**  Eyce expects it will need discovery concerning the claims, defenses, and counterclaims set forth in the pleadings and on damages.  For example, Eyce expects it will require discovery on the following subjects:  the design and function of MWI's infringing products; MWI's development of the infringing products, including its acquisition of any of Eyce's authentic products; MWI's advertising and marketing, distribution, customers, and sales of the infringing products; damages, including, but not limited to, the amount in units and dollars of MWI's sale of the infringing products and the profitability associated with the accused products; willful infringement, including MWI's knowledge of Eyce's Trade Dress and Eyce's Design Patents; and consumer confusion, including, without limitation, any instances of consumer's expressing the belief that MWI's infringing products are associated with, related to, authorized by, or emanating from Eyce and the extent to which MWI markets its infringing products in association with trademarks, logos, or other indicators of source that are associated with Eyce.  Eyce reserves the right to supplement this list of subjects.

**MWI:**  MWI expects it will need discovery concerning matters of validity of Eyce's Design Patents and trade dresses, including, inventorship, conception, reduction to practice, first sale, and prior art.  In addition, MWI expects it will need discovery concerning matters of damages related to Eyce's counterclaims.  Finally, MWI expects it will need discovery related to claim construction of Eyce's Design Patents.

C.      **Electronically Stored Information (ESI):**

The parties have conferred about the matters listed in LR 26-1(2) and plan to submit proposed modifications to the District of Oregon's Model Order Regarding E-Discovery in Patent Cases.  The parties do not currently anticipate any issues concerning the disclosure,

discovery, or preservation of ESI, including the form or forms in which it should be produced.

      **D.**      **Confidentially and Privilege Issues:**

The parties believe that a joint stipulated protective order is appropriate to protect the parties' confidential information and documents. The parties contemplate presenting a proposed stipulated protective order, modeled after the District of Oregon's Model Two-Tier Protective Order, including provisions regarding the non-waiver of privilege and work product pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), for the Court's consideration.

      **E.**      **Proposed Discovery Limitations and Procedures**

The parties agree that the limitations set forth in the Federal Rules of Civil Procedure governing interrogatories, requests for production, requests for inspection, requests for admission, and depositions will apply unchanged in this case. If a discovery dispute arises, the parties agree to work in good faith to resolve matters on mutually agreeable terms without the need for Court intervention; one or both parties may later seek leave of the Court to modify the procedures or limitations of those rules if the parties are unable to resolve a discovery dispute.

**Eyce's Position:** The parties have two discovery disputes.

First, MWI has stated it intends to seek the bifurcation of discovery, staying all general discovery until the completion of discovery related to claim construction. Eyce disagrees; discovery should proceed normally. This is straightforward design patent and trade dress matter. There is no special circumstance in this case which warrants bifurcation. Tellingly, MWI has not identified any. The parties can simultaneously conduct general discovery and discovery relating to claim construction. Frankly, it is not clear what discovery would even be needed related to claim construction. The patents at issue here are design patents, there are no claim terms to be interpreted and discovery relating to claim construction is unlikely to impose a significant burden

on either party. Notably, the proposed schedule below already contemplates early disclosures relevant to patent claim construction and this Districts Model Order Regarding E-Discovery suggests staggered discovery with email discovery coming after initial discovery. MWI's desire to bifurcate discovery appears to be a delay tactic and should be denied.

Second, the parties conducted a telephonic Rule 26(f) conference on December 23, 2020. Pursuant to Fed.R.Civ.P 26(d)(1) Eyce served discovery requests later that day. MWI has claimed that the discovery was premature and improper. Eyce disagrees and asks the court to confirm that discovery opened on December 23, 2020.

**MWI's Position:** MWI intends to seek bifurcation of discovery pursuant Fed. R.Civ.P. 42. MWI contends that discovery related to the construction of Eyce's Design Patents should be conducted before general fact discovery.

### F. Alternate Dispute Resolution ("ADR")

The parties have engaged in settlement discussions and, thus far, have been unable to resolve this litigation. As set forth in the Proposed Schedule below, the parties agree to confer regarding ADR.

### G. Proposed Schedule

The parties jointly request that the Court enter the following proposed schedule, which included deadlines for discovery, filings relating to patent claim construction, and deadlines for post-claim construction events, including amendments to contentions, exchange of expert reports, submission of dispositive motions, and various pretrial filings.

| Event | Eyce's Proposed Deadline | MWI's Proposed Deadline |
|---|---|---|
| Filing of Joint Discovery Plan | Wednesday, January 6, 2021 | Wednesday, January 6, 2021 |
| Rule 16 Conference | Earliest Convenience of the Court | Earliest Convenience of the Court |

| | | |
|---|---|---|
| Disclosure of Preliminary Infringement Contentions (Claim Charts) and Production of Patent Prosecution Histories | Friday, January 21, 2021 | Friday, February 5, 2021 |
| Disclosure of Preliminary Non-Infringement and Invalidity/Unenforceability Contentions (Claim Charts) and Production of Prior Art | Friday, February 12, 2021 | Monday, March 8, 2021 |
| File or Amend all Pleadings Pursuant to Fed. R. Civ. P. 7 and 15 | Monday, March 1, 2021 | Monday, March 29, 2021 |
| Join all Claims, Remedies, and Parties Pursuant to Fed. R. Civ. P. 18 and 19 | Monday, March 1, 2021 | Monday, March 29, 2021 |
| Service of Each Party's Proposed List of Claim Terms for Construction | Not Needed. | Wednesday, April 7, 2021 |
| Service of Each Party's Proposed Claim Constructions with Citations to Intrinsic and Extrinsic Evidence | Friday, March 12, 2021 | Wednesday, April 21, 2021 |
| Meet and Confer Regarding Parties' Proposed Claim Constructions | Friday, March 19, 2021 | Wednesday, April 28, 2021 |
| Parties File Joint Claim Construction Chart with both Parties' Proposed Claim Constructions and Citations to Intrinsic and Extrinsic Evidence | Friday, April 9, 2021 | Friday, May 28, 2021 |
| Eyce Files Opening Claim Construction Brief | Monday, April 26, 2021 | Monday, July 12, 2021 |
| MWI Filed Responsive Claim Construction Brief | Monday, May 10, 2021 | Monday, July 26, 2021 |
| Eyce Files Reply Claim Construction Brief | Monday, May 17, 2021 | Monday, August 2, 2021 |
| Claim Construction (*Markman*) Hearing | To be Determined by the Court | To be Determined by the Court |
| Claim Construction Ruling | To be Determined by the Court | To be Determined by the Court |
| Deadline for either party to<br>• Serve Amended Infringement or Invalidity Contentions; | + 21 Days after *Markman* Order | + 30 Days after *Markman* Order |

| | | |
|---|---|---|
| <ul><li>Disclose Reliance Upon Advice of Counsel Defense; and</li><li>Submit a Motion or Other Filing Concerning the Court's Claim Construction Order.</li></ul> | | |
| Confer as to Alternate Dispute Resolution Pursuant to LR 16-4 | + 30 Days after *Markman* Order | + 45 Days after *Markman* Order |
| Submit Joint ADR Report | + 45 Days after *Markman* Order | + 60 Days after *Markman* Order |
| Complete all Fact Discovery and Deadline to File Fact Discovery Motions | Friday, June 25, 2021 | Friday, October 1, 2021 |
| Party with Burden of Proof to Serve Opening Expert Reports | Friday, July 9, 2021 | Friday, October 22, 2021 |
| Serve Rebuttal Expert Reports | Monday, August 9, 2021 | Monday, November 22, 2021 |
| Complete all Expert Discovery | Friday, September 3, 2021 | Wednesday, December 22, 2021 |
| Deadline to File Any Dispositive Motions | Friday, September 17, 2021 | Friday, January 28, 2022 |
| Deadline for Eyce to file: <ul><li>Exhibit list and judge's copies of exhibits;</li><li>Lay witness statements and expert reports;</li><li>Deposition designations;</li><li>Any itemized list of special damages; and</li><li>Pretrial Order.</li></ul> | Monday, November 8, 2021 | Monday, March 21, 2022 |
| Deadline for MWI to file: <ul><li>Exhibit list and judge's copies of exhibits;</li><li>Lay witness statements and expert reports; and</li><li>Deposition designations.</li></ul> Deadline for both parties to file: <ul><li>Trial memorandum;</li><li>Requested voir dire questions; and</li><li>Proposed verdict forms.</li></ul> | Wednesday, November 17, 2021 | Wednesday March 30, 2022 |

| | | |
|---|---|---|
| Deadline for a party to:<br>• File any Motions in Limine; and<br>• Object to other party's exhibits, witnesses, deposition designations, requested voir dire questions, and/or verdict forms. | Wednesday, November 24, 2021 | Wednesday, April 6, 2022 |
| Deadline for a party to:<br>• Respond to any Motions in Limine; and<br>• Respond to objections to exhibits, deposition designations, requested voir dire questions, and verdict forms. | Wednesday, December 1, 2021 | Wednesday, April 13, 2022 |
| Pretrial Conference | Wednesday, December 8, 2021 | Wednesday, April 20, 2022 |
| Trial | Wednesday, December 15, 2021 | Wednesday, April 27, 2022 |

**H.   Service of Documents**

The parties agree that all papers not filed with the Court via CM/ECF system will be served by email to all counsel of record, and consent to such service pursuant to Fed. R. Civ. P. 5(b)(2)(F).

**I.   Consent to Magistrate Judge**

The parties do not consent to jurisdiction by a Magistrate Judge.

DATED this 6th day of January, 2021.

By: */s/ Louis F. Teran*                    .    By: */s/ Case Collard*                    .

| | |
|---|---|
| Loren S. Scott | Klaus H. Hamm |
| lscott@scott-law-group.com | KLAUS.HAMM@KLARQUIST.COM |
| THE SCOTT LAW GROUP | Klarquist Sparkman, LLP |
| PO Box 70422 | 121 SW Salmon Street, Suite 1600 |
| Springfield, OR 97475 | Portland, OR 97204 |
| Tel.: (541) 868-8005 | Tel.: (503) 473-0865 |
| Fax: (541) 868-8004 | Fax: (503) 595-5301 |
| | |
| Louis F. Teran | Case Collard, *Admitted Pro Hac Vice* |
| lteran@slclg.com | DORSEY & WHITNEY LLP |
| SLC LAW GROUP | 1400 Wewatta Street, Suite 400 |
| 1055 E. Colorado Blvd., Suite #500 | Denver, Colorado 80202-5549 |
| Pasadena, CA 91106 | Tel.: (303) 629-3400 |
| Tel.: (818) 484-3217 x200 | Fax: (303) 629-3450 |
| Fax: (866) 665-8877 | collard.case@dorsey.com |

*Attorneys for Plaintiff Mike's Novelties, Inc.*    *Attorneys for Defendant Eyce, LLC*